# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| **Marshall Lawton, Jr. and** ) | | |
| **Queen Lawton,** ) | | |
| ) | | |
| **Plaintiffs,** ) | Civil Action No. 2:06-933-CWH | |
| vs. ) | | |
| ) | | |
| **Wayne L. Hamm, New Prime, Inc. d/b/a** ) | **ORDER** | |
| **Prime, Inc., and Success Leasing, Inc.** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | |
| _____) | | |

This dispute arises out of a accident that occurred between Marshall Lawton, Jr. ("Marshall") and Wayne L. Hamm ("Hamm"). The plaintiffs allege that on March 20, 2003, Hamm was driving a tractor-trailer westbound on I-26 and made an improper lane change striking the front of Marshall's vehicle. The collision caused Marshall's vehicle to collide with a railing located in the interstate's median. The plaintiffs allege that the collision injured Marshall's back.

On March 6, 2006, the plaintiffs commenced this action. The plaintiffs raise a claim against Wayne L. Hamm ("Hamm") for negligence and a claim against Hamm's employers, New Prime, Incorporated and Success Leasing, Incorporated, for vicarious liability. Queen Lawton ("Queen") brings a claim for the loss of consortium.

On July 3, 2006, the defendants filed a motion for summary judgment in favor of dismissing Queen's loss of consortium claim. The defendants allege that the plaintiffs separated before the accident occurred and subsequently divorced on December 19, 2005. As a result, the defendants contend that the Court must dismiss Queen's loss of consortium claim. Marshall and Queen have submitted affidavits in which they admit that before the accident, Marshall had

moved to Summerville, South Carolina and Queen remained in Columbia, South Carolina with the plaintiffs' son.  However, the plaintiffs state that Marshall's move was based on work related reasons and that the plaintiffs maintained a close marriage before and after the accident.

Three days before the accident, the plaintiffs' second child, a daughter, was born.  The plaintiffs state that Marshall's back injury prevented him from regularly driving to Columbia to take Queen and their daughter to the hospital for treatments.  In addition, the plaintiffs state that because of Marshall's back pain, he was unable to lift the children or assist Queen with household tasks.

To prevail on the motion for summary judgment, the defendants must demonstrate that no genuine issue of material fact exist as to whether the Court should dismiss the loss of consortium claim.  Fed. R. Civ. P. 56(c).  "Any person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. . . ."  S.C. Code § 15-75-20.  A right of action for loss of consortium accrues when the loss of services, society, and companionship of the spouse has occurred.  Preer v. Mims, 476 S.E.2d 472, 475 (S.C. 1996).

Queen has presented evidence indicating that while she was married to Marshall, she incurred damages from the loss of his services, society, and companionship.  Consequently, Queen has demonstrated that a genuine issue of material fact exists as to whether she incurred damages from her loss of consortium and whether the claim accrued while she was Marshall's spouse.

The defendants do not cite any authority that supports the proposition that spouses must live together for one to bring a loss of consortium claim or that a subsequent divorce

extinguishes a spouse's standing to bring the claim. The jurisdictions that have addressed this issue hold that a temporary separation or subsequent divorce may reduce damages, but these events do not remove a spouse's standing to bring a loss of consortium claim. *See* <u>Planned Parenthood, Inc. v. Vines</u>, 543 N.E.2d 654, 657 (Ind. Ct. App. 1989) and <u>Plaissance v. McDonald</u>, 865 So.2d 1004, 1009 (La. Ct. App. 2004). Consequently, the Court denies the defendants' motion for summary judgment.

        **AND IT IS SO ORDERED**.

September 8, 2006                   **C. WESTON HOUCK**
Charleston, South Carolina        **UNITED STATES DISTRICT JUDGE**